**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**PHILLIP MALCOLM,
A-205-669-153,**

      Petitioner,

vs.                                                                        Case No. 4:20cv440-AW-MAF

**WILLIAM BARR, et al.,**

      Respondents.

_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, initiated this case by filing a document entitled, "motion to hear and rule," in which he requests this Court to rule on his petition for writ of habeas corpus. ECF No. 1. The document has been filed by the Clerk's Office as a new petition for writ of habeas corpus. Further, Petitioner filed a motion for leave to proceed with in forma pauperis status, ECF No. 2, and a "motion for custody redetermination hearing based upon changed circumstances." ECF No. 3. Good cause having been shown in Petitioner's in forma pauperis motion, ECF No. 2, the

motion is granted and Petitioner will not be required to pay the filing fee for this case.

Petitioner's motion to rule on his habeas petition, ECF No. 1, demonstrates that Petitioner previously filed a § 2241 habeas petition in this Court challenging his continued detention. *See* case # 4:19cv392-AW-MAF. That case has been pending since August 19, 2019, and status updates have been recently filed by the Government, ECF No. 37, and Petitioner, ECF No. 38, who is represented by counsel in that case. A ruling is due to be entered in that case in the near future.

Because Petitioner already has a case pending, this "petition" is unnecessary. Furthermore, at the conclusion of the evidentiary hearing held in the prior case, the parties jointly requested that ruling on the petition be delayed. *See* ECF No. 33 of case # 4:19cv392-AW-MAF. A motion to rule on that petition is not well taken.

More importantly, however, Petitioner is detained in Winnfield, Louisiana. ECF No. 1 at 7. Petitioner is not detained within the Northern District of Florida. A § 2241 petition should be filed by Petitioner "in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 441, 442, 124 S. Ct. 2711, 2721, 2722, 159 L. Ed. 2d 513 (2004) (citing 28 U.S.C. § 2241(b)). Because this is not Petitioner's district of confinement, a

Case No. 4:20cv440-AW-MAF

recommendation would normally be made to transfer this action to the appropriate court. Considering, however, that a ruling is due to be entered in Petitioner's first filed habeas petition, there is no need to transfer this case. It is more appropriate to dismiss this case because it is redundant. For all these reasons, this case should be dismissed.

Accordingly, it is

**ORDERED:**

1. Petitioner's motion for in forma pauperis status, ECF No. 2, is **GRANTED**.

2. Petitioner is not required to pay the filing fee for this case.

### RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, ECF No. 1, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on September 21, 2020.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:20cv440-AW-MAF